UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA NICHOLS, 100 EVERGREEN HILL RD., FAIRFIELD, CT, 06824,<br><br>              Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE COPORATION, A RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>              Defendant. | Case No. C14-1796RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.      INTRODUCTION

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings.  Dkt. #27.  Defendant argues that Plaintiff's claims should be dismissed with prejudice because they are time-barred and because Plaintiff failed to meet the statutory requirements providing this Court with subject matter jurisdiction over her claims. *Id.*  Pro Se Plaintiff opposes the motion, stating that the FDIC-Receiver has waived any statute of limitations argument, that her claims are subject to equitable tolling, that her claims cannot be barred by any statute of limitations, that one of her claims is based in contract and therefore the statute of limitations has not run on that claim, and that her claims are not subject to the Federal Tort Claims Act.  Dkt. #30.  For the reasons discussed herein the Court now DENIES Defendant's motion.

ORDER
PAGE - 1

## II.    BACKGROUND

On November 22, 2014, *pro se* Plaintiff, Diana Nichols, filed a Complaint against Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for now-defunct Washington Mutual Bank ("WaMu"), alleging, *inter alia*, breach of contract, negligence, fair lending violations and fraud.  Dkt. #1.  Plaintiff served the FDIC in Washington, D.C., in March of 2015.  Dkts. #3 and #4, Ex. 1.  According to Plaintiff, in April of 2015 she received a letter via e-mail from an attorney at the law firm Miller, Nash, Graham and Dunn, stating that she represented the FDIC in the instant suit and admonishing Plaintiff for improperly performing service.  Dkt. #4 at 3.  However, that attorney had not appeared in this Court on behalf of Defendant at that time.  As a result, Plaintiff moved for default judgment against Defendant, which the Court denied on the basis that Plaintiff had not completed service.  Dkt. #15.  Plaintiff apparently completed service at some point thereafter, and Defendant appeared in this case and filed an Answer to the Complaint.  *See* Dkts. #12, #13, #14, #16, #17, #18, #19 and #20.

Plaintiff alleges that she is a resident of the State of Connecticut who entered into a home mortgage loan with WaMu in July of 2005.  Dkt. #1 at ¶ 1.  She further alleges that the loan was misrepresented to her both as to the nature and to the material terms of the loan.  *Id.* at ¶ 13.  She alleges that these misrepresentations effectively increase the amount of her loan principle over time, because the loan has been structured such that her monthly payment never fully covers the interest being generated on the loan.  *Id.* at ¶ ¶ 16-29.  As a result, Plaintiff alleges that she will never fully pay off the loan.  *Id.*  Plaintiff also alleges that she was coerced into refinancing her loan through WaMu at a particularly vulnerable time in her life, of which the loan officer was aware.  *Id.* at ¶ 43.

Defendant admits that Plaintiff entered into a home loan with WaMu on or about July 13, 2005.  Dkt. #20 at ¶ ¶ 1 and 12.  Defendant also admits that on September 25, 2008, the Director of the Office of Thrift Supervision closed WaMu and appointed the FDIC as Receiver. *Id* at ¶ 3.

In June and July of 2014, Plaintiff apparently sought to file a late claim with the FDIC-Receiver.  Dkt. #1 at ¶ ¶ 5-6.  On July 23, 2014, Plaintiff received a letter stating that the FDIC had accepted her claim under the late-filed claims exception.  *Id.* at ¶ 7.  On September 25, 2014, Plaintiff received a letter stating that her claim had been disallowed, and that she could file a lawsuit within 60 days of receiving the letter.  *Id.* at ¶ 8.  The instant lawsuit followed.

### III.     DISCUSSION

**A.  Legal Standard – Motions for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed . . . but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1052 n.1 (9th Cir. 2008).

In deciding a 12(b)(6) or 12(c) motion, this Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the

contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court must construe the complaint in the light most favorable to the Plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.   Extrinsic Documents**

The Court first addresses documents outside the pleadings upon which Plaintiff apparently relies. In particular, Plaintiff cites to a letter she received from the FDIC-Receiver disallowing her claim. *See* Dkt. #30 at 3.[1] Defendant does not dispute the content of the letter. Dkt. #34 at 2. The Court will take notice of the letter as it has been incorporated by reference in the Complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); Dkt. #1 at ¶ ¶ 8 and 47. Accordingly, this motion proceeds under Federal Rule of Civil Procedure 12(c).

**C.   Claims at Issue**

Plaintiff has alleged the following seven claims against Defendant: 1) breach of contract and covenant of good faith and fair dealing; 2) negligence; 3) violation of the Truth In Lending Act; 4) unconscionability; 5) unjust enrichment; 6) fraud in the factum; and 7) duress.

---

[1]   Although Plaintiff cites to the letter as an Exhibit to her Declaration, the Court notes that it was filed as an attachment to her Response in opposition to the instant motion, but not with her Declaration.

ORDER
PAGE - 4

Defendant's motion pertains only to **Claims 1, 2, 6 and 7**.  Dkt. #27 at 1 and 3.  Defendant characterizes these four claims as tort claims, and, as noted above, seeks dismissal based on the statute of limitations or for lack of jurisdiction.

### D.  Governing Law

Both parties are apparently proceeding on the premise that Connecticut law governs Plaintiff's claims.  Plaintiff does not discuss the applicable law in her brief, while Defendant asserts without citing any authority that Connecticut law applies because Plaintiff alleged as much in her Complaint.  Dkt. #27 at 3.  Where pendent state-law claims are asserted in conjunction with a federal claim, the district court should follow the choice-of-law rules of the forum state.  *See Paracor Fin. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1165 n.17 (9th Cir. 1996).  Accordingly, the Court looks to Washington's choice of law rules.  Under Washington's choice of law rules, local law presumptively applies unless there is "an actual conflict between the laws or interests of Washington and the laws or interests of another state." *Seizer v. Sessions*, 132 Wn.2d 642, 648, 940 P.2d 261 (1997).  An "actual conflict" exists if the application of another state's law would produce a different result on a particular legal issue. *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 692, 167 P.3d 1112 (2007).  If an actual conflict exists, the Court applies the "most significant relationship" test to determine which state's law applies.  *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976).

As the party seeking application of another state's law, Defendant bears the burden of demonstrating that a conflict exists. *See Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 100, 864 P.2d 937 (1994).  In this case, Defendant has failed to do so.  Accordingly, the Court applies Washington law, not Connecticut law, to the issues raised in this motion.  The Court now turns to Defendant's substantive arguments.

ORDER
PAGE - 5

### E.  Tort Claims Act

Defendant initially argued that Plaintiff's claims were barred for her failure to follow the administrative procedures under the Federal Tort Claims Act.  Dkt. #27 at 6.  However, Plaintiff clarified that she was not asserting claims against the FDIC-Receiver itself; therefore, Defendant now agrees that the Tort Claim Act is not applicable and it no longer asserts its jurisdictional argument.  *See* Dkts. #30 at 7-8 and #34 at 4-5.

### F.  Statute of Limitations

The Court next turns to Defendant's argument that Plaintiff's tort claims are time-barred.  *See* Dkt. #27 at 3-5.  In order to evaluate the argument, the Court must determine whether Plaintiff's claims are indeed torts, and the applicable statute of limitation to those claims.  Defendant alleges that a three-year statute of limitations applies to the four claims.  Plaintiff appears to dispute only her claim for breach of contract and covenant of good faith and fair dealing, asserting that the claim sounds in contract not tort, and therefore a six-year statute of limitations applies to that claim.  *See* Dkt. #30 at 6-7.

As an initial matter, the Court notes that in her Complaint, Ms. Nichols did not allege the tort of bad faith, but rather a breach of the covenant of good faith and fair dealing inherent in her mortgage contract.  Dkt. #1 at ¶ ¶ 64-72.  She reasserted that claim in her response to Defendant's instant motion.  Dkt. #30 at 6-7.  In Washington, "there is no 'free-floating' duty of good faith and fair dealing that is unattached to an existing contract."  *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash. 2d 171, 177, 94 P.3d 945, 949 (2004).  Thus, the Court agrees that Plaintiff's claim sounds in contract.  However, this Court has previously determined that such claims, although arising out of the contract at issue, are subject to a three-year statute of limitations.  *Pruss v. Bank of Am. Na*, 2013 U.S. Dist. LEXIS 157286 at *12-13 (W.D. Wash.

ORDER
PAGE - 6

Nov. 1, 2013) (explaining that a claim for "breach of the duty of good faith and fair dealing claims are subject to a three year statute of limitations." (citing RCW § 4.16.080)). Likewise, the torts of negligence and fraud in the factum are also subject to the three-year statute of limitations. *Id.* Therefore, however they are characterized, these claims are subject to a three-year statute of limitations. Accordingly, the Court must examine whether the claims are now time-barred.

In her Complaint, Plaintiff alleges that her claims arise out of a contract into which she entered on July 13, 2005. Dkt. #1 at ¶ 12. The alleged misrepresentations forming the basis of her claims were alleged to have occurred between June 2, 2005, when a broker reached out to offer her a loan, and the date she signed the mortgage contract. *Id.* at ¶ ¶ 15-30. However, Plaintiff alleges that she did not actually learn of the way the terms of her loan worked until some point later in time because she suffered from a mental disability at the time she entered into the agreement. *Id.* at ¶ ¶ 34-35. Although it is not entirely clear when Plaintiff believes the three-year statute of limitations began to run, she appears to accept that it had run by the time she sought to file her late-filed administrative claim with the FDIC-Receiver in 2014. *See* Dkt. #30 at 2. Accordingly, she now argues that the FDIC-Receiver waived the statute of limitations by accepting her late-filed claim and disallowing it on the merits, that her claims are subject to equitable tolling, and that her claims are not subject to the statute of limitations because she could raise them as affirmative defenses to a foreclosure action. Dkt. #30 at 2-7. The Court addresses these arguments in turn, below.

1. *Waiver*

With respect to Plaintiff's waiver argument, the Court is left without much guidance from either party. Indeed, Defendant provides no case law analyzing this issue, and instead

ORDER
PAGE - 7

relies on a bare recitation of the statute relating to claims filing and its own interpretation thereof. *See* Dkt. #27 at 4-5. This Court has previously determined that compliance with the administrative claims procedure is a jurisdictional requirement to bringing a federal suit. *See Kuhlmann v. Sabal Fin. Group LP*, 26 F. Supp.3d 1040, 1047 (W.D. Wash. 2014) (explaining that "the statute strictly limits federal courts' ability to adjudicate claims that are not first exhausted within the FIRREA's administrative process."). While the Court did not consider the issue presented here, it does provide some guidance. Indeed, the Court previously noted that the exception for late-filed claims "does not itself vest the Court with jurisdiction to consider a late-filed claim; it merely confers discretion upon the FDIC as receiver to do so." *Kuhlmann*, 26 F. Supp.3d at 1051 (citing *Freeman v. FDIC*, 56 F.3d 1394, 1402, 312 U.S. App. D.C. 324 (D.C. Cir. 1995) (The "only consequence [of improper notice under FIRREA] is that the FDIC 'may' consider a late-filed claim.")). In the instant matter, the Court agrees with Plaintiff that the FDIC accepted Plaintiff's late-filed claim and disallowed it on the merits. *See* Dkt. #30, Attached Letter. Plaintiff also filed the instant matter within 60 days of the date of that letter. However, that does not equate to the FDIC-Receiver waiving any statute of limitations defense. Accordingly, the Court concludes that Defendant has not waived a statute of limitations defense.

   2. *Equitable Tolling*

   Thus, the Court turns to Plaintiff's equitable tolling argument. Defendant argues that Plaintiff's claims cannot be equitably tolled under Connecticut law. However, the Court has already determined that Washington law applies to this matter. Washington courts have long held that equitable tolling gives a court power in equity to set aside a judgment, even where the statute of limitations on a challenge to the judgment has run. *Ames v. Dep't of Labor & Indus.*,

ORDER
PAGE - 8

176 Wash. 509, 30 P.2d 239 (1934).  This Court acknowledges that Washington courts have applied the doctrine sparingly because it essentially allows a judicial branch officer to override a legislative determination.  *See Leschner v. Dep't of Labor & Indus.*, 27 Wn.2d 911, 185 P.2d 113 (1947).

Equitable tolling "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).  Washington case law also makes clear that some degree of vulnerability may allow for relief through equitable tolling.  *See Ames*, 176 Wash. 509 (wherein the plaintiff was adjudicated insane); *Rodriguez v. Dep't of Labor & Indus.*, 85 Wn.2d 949, 540 P.2d 1359 (1975) (wherein the plaintiff was extremely illiterate and did not speak English).  But while vulnerability may be a necessary condition, it is not alone sufficient.  Recognizing the need to respect legislative choices, the Washington Supreme Court has required a particularized showing that applying a limitation period to the particular plaintiff would work an injustice. *See Ames*, 176 Wash. at 510 (applying equitable tolling where plaintiff did not receive notice of the action); *Rodriguez*, 85 Wn.2d at 950 (applying equitable tolling where plaintiff received notice but could not read it and had no interpreter); *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 174, 937 P.2d 565 (1997) (wherein a plurality of the court explained that equitable tolling applies where some infirmity prevents the plaintiff from understanding the action); *id*. at 179 (ALEXANDER, J., dissenting) (explaining a majority view that equitable tolling would apply if plaintiffs missed a statute of limitations due to "circumstances largely beyond their control"); *Leschner*, 27 Wn.2d at 927 (declining to apply equitable tolling where plaintiff was

appropriately notified of action, though falsely told by doctor that he had submitted a claim, and pursued no further action despite no communication from the department for four years).

In this case, Plaintiff explains the circumstances preventing her from bringing her claim within the applicable statute of limitations.   Dkt. #31 (*filed under seal*).   For those same reasons, the FDIC-Receiver apparently accepted her late-filed claim.   The Receiver did not deny the claim for being untimely; rather, it denied the claim on the merits, stating:

> After careful review of your claim, all of the documentation/evidence you have filed in support and the records of the failed bank, you have failed to provide sufficient evidence and documentation to prove the substance of your claim to the satisfaction of the Receiver.   Therefore, your claim is disallowed.

Dkt. #30, Attached Letter.   The letter then went on to state that Plaintiff had 60 days to file a lawsuit if she disagreed with the disallowance. *Id.*   Plaintiff did so.

Considering Plaintiff's personal circumstances and her vulnerability at the time the mortgage loan was made, and given the Receiver's acceptance of her late-filed claim, the Court finds equitable tolling appropriate in these circumstances.   Accordingly, the Court finds that Plaintiff's are not time-barred and they will be allowed to proceed.   The Court notes, however, that nothing in this Order is intended to imply how the Court will view these claims on their merits.

Finally, with respect to Plaintiff's claim for duress, the Court notes that duress is typically considered as an affirmative defense to invalidate a contract, rather than as an independent claim. *Prosser & Keeton On Torts,* § 18 at 121 (5th ed. 1984) (noting that the majority rule is that duress is not an affirmative cause of action).   Accordingly the Court deems Plaintiff's duress cause of action as an affirmative defense, rather than as a separate claim against Defendant.

ORDER
PAGE - 10

## IV.    CONCLUSION

Having reviewed Defendant's Motion for Judgment on the Pleadings, Plaintiff's opposition thereto, and Defendant's Reply in support thereof, along with the remainder of the record, the Court hereby finds and Orders:

1.  Defendant's Motion for Judgment on the Pleadings (Dkt. #27) is DENIED.

2.  Plaintiff's claims for breach of contract and covenant of good faith and fair dealing, negligence and fraud in the factum shall proceed.

3.  Plaintiff's duress claim shall be deemed as an affirmative defense rather than as a separate claim against Defendant.

DATED this 22 day of February, 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 11