UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA NICHOLS, 100 EVERGREEN HILL RD., FAIRFIELD, CT, 06824,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE COPORATION, A RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>Defendant. | Case No. C14-1796RSM<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL |

## I.   INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff's Motion to Compel. Dkt. #46. Plaintiff asserts that Defendant has either insufficiently answered or has failed to answer her Interrogatory Nos. 4, 5, 6, 7, 8, 9 and 10. *Id.* at 3-7. Plaintiff further asserts that Defendant has produced no documents in response to her document requests. *Id.* at 7-9. As a result, Plaintiff requests an Order compelling Defendant to fully answer her Interrogatories and her Requests for Production. *Id.* Defendant opposes the motion, arguing that it timely responded to discovery requests, that it asserted valid objections to certain requests, and that Plaintiff's motion should be denied on the basis that Plaintiff failed to adequately confer with defense counsel prior to filing her motion. Dkt. #47. For the reasons set forth below, the Court now DENIES IN PART and GRANTS IN PART Plaintiff's motion.

ORDER
PAGE - 1

## II.     BACKGROUND

Plaintiff served Defendant with her First Set of Interrogatories and Requests for Production on August 17, 2016.  Dkt. #46-1 at ¶ 2.  She received responses to those requests on September 19, 2016.  *Id.* at ¶ 3 and Exs. A and B thereto.  In addition to asserting a number of general objections, Defendant responded to Plaintiff's Interrogatory Nos. 4, 5, 6, 7, 8, 9 and 10 as follows:

> **INTERROGATORY NO. 4:**
>
> State the basis for the FDIC's decision to disallow Plaintiff's claim, as alleged in paragraph 8 of the Compliant [sic].
>
> **RESPONSE NO. 4:**
>
> As set forth in correspondence to Plaintiff from the FDIC-Receiver dated September 25, 2014, and November 5, 2014, the FDIC-Receiver decided to disallow Plaintiff's claim because Plaintiff failed to provide sufficient evidence and documentation to prove the substance of Plaintiff's claim to the satisfaction of the FDIC-Receiver.
>
> **INTERROGATORY NO.5:**
>
> State whether the FDIC has ever conducted any investigation, informal or formal or otherwise, of WMB, concerning lending activities of WMB between 2001 and 2008 related [to] WMB's offering of negative amortization residential mortgage loans, and for each such investigation:
>
> a.   Describe the investigation;
>
> b.   Describe the outcome of the investigation; and
>
> c.   Identify any documents related to or concerning such investigation.
>
> **RESPONSE NO. 5:**
>
> The FDIC-Receiver objects that this interrogatory (i) requests information that is not relevant to any claims or defenses in this case, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) imposes burdens on the FDIC-Receiver that are not proportional to the needs of this case, under the standards set forth in Fed. R. Civ. P.

ORDER
PAGE - 2

26(b)(1). It is unclear whether this interrogatory is requesting information relating to the activities of FDIC-Receiver, in its capacity as receiver of Washington Mutual Bank, or the Federal Deposit Insurance Corporation in its corporate capacity (which is not a party to this case). The FDIC-Receiver is not responding on behalf of the FDIC in its corporate capacity. The general conduct and processes of Washington Mutual Bank with respect to particular types of loans generally) as opposed to Plaintiff's loan specifically) are not relevant to the issues in this case and should not be subject to discovery in this case.

**INTERROGATORY NO.6:**

State whether the FDIC has ever conducted any investigation, informal or formal or otherwise, of WMB, concerning lending activities of WMB between 2001 and 2008, regarding any alleged fraudulent conduct on the part of WMB or violation of the Truth in Lending Act by WMB, or other unlawful or illegal conduct on the part of WMB, and for each such investigation:

a. Describe the investigation;

b. Describe the outcome of the investigation; and

c. Identify any documents related to or concerning such investigation.

**RESPONSE NO.6:**

The FDIC-Receiver objects that this interrogatory (i) requests information that is not relevant to any claims or defenses in this case, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) imposes burdens on the FDIC-Receiver that are not proportional to the needs of this case, under the standards set forth in Fed. R. Civ. P. 26(b)(l). It is unclear whether this interrogatory is requesting information relating to the activities of FDIC-Receiver, in its capacity as receiver of Washington Mutual Bank, or the Federal Deposit Insurance Corporation in its corporate capacity (which is not a party to this case). The FDIC-Receiver is not responding on behalf of the FDIC in its corporate capacity. General investigation of any fraudulent or illegal conduct by Washington Mutual Bank generally (as opposed to such matters relating to Plaintiff's loan specifically) are not relevant to the issues in this case and should not be subject to discovery in this case.

**INTERROGATORY NO.7:**

State whether the FDIC has ever conducted any investigation, informal or formal or otherwise, of the specific matters alleged in the Complaint concerning fraudulent conduct and misrepresentations by WMB in connection with the Loan and for each such investigation:

   a.  Describe the investigation;

   b.  Describe the outcome of the investigation; and

   c.  Identify any documents related to or concerning such investigation.

**RESPONSE NO. 7:**

It is unclear whether this interrogatory is requesting information relating to the activities of FDIC-Receiver, in its capacity as receiver of Washington Mutual Bank, or the Federal Deposit Insurance Corporation in its corporate capacity (which is not a party to this case). The FDIC-Receiver is not responding on behalf of the FDIC in its corporate capacity. The FDIC-Receiver has reviewed the claim submitted by Plaintiff. With respect to that review of Plaintiff's claim:

   a.  The FDIC-Receiver reviewed the documents submitted to the FDIC-Receiver by the Plaintiff and discussed them internally and with counsel.

   b.  The FDIC-Receiver denied Plaintiff's claim.

   c.  The FDIC-Receiver has provided copies of its entire claims file to the Plaintiff. The FDIC-Receiver's counsel sent the claims file to Plaintiff by certified mail, return receipt requested on January 14, 2016. The mailing was returned to the FDIC-Receiver's counsel as unclaimed on April 20, 2016. The FDIC-Receiver's counsel re-sent the documents to Plaintiff by priority mail on April 22, 2016.

**INTERROGATORY NO. 8:**

State whether the FDIC has ever conducted any investigation, informal or formal or otherwise, concerning the activities of Sean O'Connor, as an employee or agent WMB, during the period 2003 through 2008, and for each such investigation:

   a.  Describe the investigation;


  b. Describe the outcome of the investigation; and

  c. Identify any documents related to or concerning such investigation.

**RESPONSE NO. 8:**

The FDIC-Receiver objects that this interrogatory (i) requests information that is not relevant to any claims or defenses in this case, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) imposes burdens on the FDIC-Receiver that are not proportional to the needs of this case, under the standards set forth in Fed. R. Civ. P. 26(b)(l). It is unclear whether this interrogatory is requesting information relating to the activities of FDIC-Receiver, in its capacity as receiver of Washington Mutual Bank, or the Federal Deposit Insurance Corporation in its corporate capacity (which is not a party to this case). The FDIC-Receiver is not responding on behalf of the FDIC in its corporate capacity. General investigations of a particular employee of Washington Mutual Bank generally (as opposed to such matters relating to Plaintiff's loan specifically) are not relevant to the issues in this case and should not be subject to discovery in this case.

**INTERROGATORY NO. 9:**

Identify any documents that concern or relate to the FDIC's investigation of lending practices of any lender, between 2003 and 2008, concerning negative amortization residential mortgage loans, and for each such investigation:

  a. Describe the investigation;

  b. Describe the outcome of the investigation; and

  c. Identify any documents related to or concerning such investigation.

**RESPONSE NO. 9:**

The FDIC-Receiver objects that this interrogatory (i) requests information that is not relevant to any claims or defenses in this case, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) imposes burdens on the FDIC-Receiver that are not proportional to the needs of this case, under the standards set forth in Fed. R. Civ. P. 26(b)(l). It is unclear whether this interrogatory is requesting information relating to the activities of FDIC-Receiver, in its capacity as receiver of

ORDER
PAGE - 5

>Washington Mutual Bank, or the Federal Deposit Insurance Corporation in its corporate capacity (which is not a party to this case). The FDIC-Receiver is not responding on behalf of the FDIC in its corporate capacity. General investigations of lenders other than Washington Mutual Bank generally (as opposed to such matters relating to Plaintiff's loan specifically) are not relevant to the issues in this case and should not be subject to discovery in this case.
>
>**INTERROGATORY NO. 10:**
>
>Identify all documents that concern ownership of the Loan, including by [sic] not limited to, documents evidencing any transfer of the Loan from WMB to any other lender or institution.
>
>**RESPONSE NO. 10:**
>
>The FDIC-Receiver transferred the Loan to JPMorgan Chase Bank, National Association, pursuant to the Purchase and Assumption Agreement Whole Bank, dated September 25, 2008.
>
>The FDIC-Receiver has issued subpoenas to JPMorgan Chase Bank, National Association ("JPMorgan"), and to Select Portfolio Servicing, Inc. ("SPS"). The FDIC-Receiver is still in the process of receiving and reviewing documents from JPMorgan and SPS in response to the subpoenas. To the extent the FDIC-Receiver receives and identifies additional documents that evidence any transfer of the Loan, the FDIC-Receive will provide those documents to Plaintiff in lieu of providing identification of the documents.

Dkt. #46-2 at 5-10.

Likewise, in addition to asserting a number of general objections, Defendant responded to Plaintiff's Request for Production Nos. 1-8 as follows:

>**REQUEST FOR PRODUCTION NO. 1:**
>
>Any and all memos, reports, communications or other documents that concern or relate to the FDIC-Receiver's decision to accept Plaintiff's claim under a late-filed claim exception as alleged in paragraph 7 of the Complaint.
>
>**RESPONSE NO. 1:**
>
>Subject to the general objections set forth above, the FDIC-Receiver has already produced to Plaintiff all of the FDIC-Receiver's nonprivileged

ORDER
PAGE - 6

responsive documents within its possession, custody, or control. The FDIC-Receiver has provided copies of its entire claims file to the Plaintiff. The FDIC-Receiver's counsel sent the claims file to Plaintiff by certified mail, return receipt requested, on January 14, 2016. The mailing was returned to the FDIC-Receiver's counsel as unclaimed on April 20, 2016. The FDIC-Receiver's counsel re-sent the documents to Plaintiff by priority mail on April 22, 2016. The FDIC-Receiver will not produce privileged documents.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all memos, reports, communications or other documents that concern or relate to the FDIC-Receiver's decision to disallow Plaintiff's claim as alleged in paragraph 8 of the Complaint.

**RESPONSE NO. 2:**

Subject to the general objections set forth above, the FDIC-Receiver has already produced to Plaintiff all of the FDIC-Receiver's nonprivileged responsive documents within its possession, custody, or control. The FDIC-Receiver has provided copies of its entire claims file to the Plaintiff. The FDIC-Receiver's counsel sent the claims file to Plaintiff by certified mail, return receipt requested, on January 14, 2016. The mailing was returned to the FDIC-Receiver's counsel as unclaimed on April 20, 2016. The FDIC-Receiver's counsel re-sent the documents to Plaintiff by priority mail on April 22, 2016. The FDIC-Receiver will not produce privileged documents.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Interrogatory No. 5.

**RESPONSE NO. 3:**

In addition to the general objections set forth above, the FDIC-Receiver states that it has not identified any documents in response to Interrogatory No. 5, and is not producing any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents identified in response to Interrogatory No. 6.

**RESPONSE NO. 4:**

In addition to the general objections set forth above, the FDIC-Receiver states that it has not identified any documents in response to

Interrogatory No. 6, and is not producing any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents identified in response to Interrogatory No. 7.

**RESPONSE NO. 5:**

Subject to the general objections set forth above, the FDIC-Receiver has already produced to Plaintiff all of the FDIC-Receiver's nonprivileged responsive documents within its possession, custody, or control. The FDIC-Receiver's counsel sent the claims file to Plaintiff by certified mail, return receipt requested, on January 14, 2016. The mailing was returned to the FDIC-Receiver's counsel as unclaimed on April 20, 2016. The FDIC-Receiver's counsel re-sent the documents to Plaintiff by priority mail on April 22, 2016. The FDIC-Receiver will not produce privileged documents.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents identified in response to Interrogatory No. 8.

**RESPONSE NO. 6:**

In addition to the general objections set forth above, the FDIC-Receiver states that it has not identified any documents in response to Interrogatory No. 8, and is not producing any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents identified in response to Interrogatory No. 9.

**RESPONSE NO. 7:**

In addition to the general objections set forth above, the FDIC-Receiver states that it has not identified any documents in response to Interrogatory No. 9, and is not producing any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents identified in response to Interrogatory No. 10.

**RESPONSE NO. 8:**

> Subject to the general objections set forth above, the FDIC-Receiver will produce all of the FDIC-Receiver's nonprivileged responsive documents within its possession, custody, or control. At this time, the only document the FDIC-Receiver has identified as responsive to this request for production is the Purchase and Assumption Agreement Whole Bank, dated September 25, 2008, which the FDIC-Receiver will produce. The FDIC-Receiver will not produce privileged documents.

Dkt. #46-2 at 4-7 (emphasis in original).

On November 23, 2016, the parties engaged in a phone conference to discuss Defendant's objections to Plaintiff's discovery requests. Dkt. #48 at ¶ 11. Apparently, Plaintiff disagreed with the FDIC-Receiver's objections with respect to relevance, but could not articulate a basis on which the information would be relevant. As a result, Plaintiff indicated that she would send a follow-up email describing her reasoning as to why such information was discoverable. *Id.* Counsel for the FDIC-Receiver followed up with Plaintiff several times to inquire when Plaintiff would provide her email with her reasoning. *Id.* at ¶ 12. As of the morning of December 23, 2016, when counsel for the FDIC-Receiver and Plaintiff conferred on the FDIC-Receiver's motion to compel, Plaintiff acknowledged that she had not yet provided her reasoning to support her discovery request that she had promised a month earlier. Thus, the FDIC-Receiver and Plaintiff were unable to further confer on Plaintiff's discovery requests at that time. *Id.*

After counsel for the FDIC-Receiver left the office for the holidays on the afternoon of Friday, December 23, 2016, Plaintiff sent an email to counsel for the FDIC-Receiver regarding her reasoning in support of her discovery requests. *Id.* at ¶ 14. Plaintiff states that she was unaware that Defendant's counsel would be gone for the holidays or that she would be leaving early on the 23rd. Dkt. #50 at ¶¶ 14 and 17. In any event, counsel for the FDIC-Receiver did

not review the email until she returned in January of 2017, after Plaintiff filed her motion to compel. Dkt. #48 at ¶ 14. Thus, counsel for the FDIC-Receiver asserts that she had no opportunity to discuss this reasoning with Plaintiff prior to Plaintiff filing her motion to compel. *Id.*

### III.   DISCUSSION

#### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

**B. Interrogatories**

Plaintiff's motion primarily focuses on her belief that the FDIC-Receiver has not fully answered her Interrogatories.[1]  *See* Dkt. #46 at 3-7.  The Court disagrees in part with Plaintiff as follows.

*1. Interrogatory No. 4*

Plaintiff's Interrogatory No. 4 seeks "the basis" for the FDIC's decision to disallow her claim.  Plaintiff complains that Defendant's response to the Interrogatory "does little more than state the conclusion of the Defendant's evaluation of Plaintiff's claim and provides no the [sic] substantive information [sic] about the reason thye [sic] claim was denied."  Dkt. #46 at 3. Plaintiff further states that she wants specific information that shows how the FDIC applied its published policies and procedures to her claim.  *Id.*  Defendant responds that it has fully answered the question.  Dkt. #47 at 5-6.  The Court agrees with Defendant.  Plaintiff asked the basis for the denial of her claim and Defendant provided a response.  While Plaintiff could have asserted further interrogatories to follow up with additional information she desired, she apparently did not do so.  In any event, the response to Interrogatory No. 4 appears to be complete, and the Court will not compel any further response.

*2. Interrogatory Nos. 5, 6, 7 and 9.*

Plaintiff's Interrogatory Nos. 5, 6, 7 and 9 seek information about any investigations conducted by the FDIC on a variety of issues.  In response, Defendant asserted a number of objections, including that the information sought is not relevant and that it is not responding on behalf of FDIC corporate, which is a separate entity.  Plaintiff argues that the information

---

[1] The Court agrees with Defendant that Plaintiff failed to properly meet and confer with defense counsel prior to bringing her motion.  *See* Dkt. #47 at 3-4.  This Court would typically consider dismissing a motion to compel for such a failure.  LCR 37(a)(1).  However, because the Court would deny the motion for substantive reasons in any event, the Court discusses the merits of the motion herein, and declines to dismiss the motion for procedural failures.

ORDER
PAGE - 11

sought is relevant because she alleges that WaMu coerced her into applying for and accepting a negative amortization residential mortgage loan, and any investigative information about WaMu's practices would support her claims. Dkts. #46 and #50.

With respect to Interrogatory No. 5, Plaintiff states that she is seeking information through this interrogatory as to whether the FDIC has determined that pushing negative amortized residential mortgage loans was a regular or routine practice on the part of WaMu. *Id.* Plaintiff also argues that the distinction between FDIC as Receiver and FDIC as a corporate entity is of no import. *Id.* at 4, fn. 1. Defendant argues that the information sought is not relevant because there is no dispute that Plaintiff's loan was a negatively amortizing loan or that WaMu routinely made this type of loan. Dkt. #47 at 6. Defendant goes on to assert that the scope of the interrogatory is overbroad and the resulting production is burdensome and not proportional to the needs of this case. *Id.* at 7-8.

As an initial matter, the Court points out the distinction between the FDIC as receiver and as a corporate entity. The FDIC has three main responsibilities: (1) to act as an insurer, (2) to act as a supervisor, and (3) to act as a receiver. As a rule, the FDIC's role as receiver is independent of its corporate roles as supervisor and insurer:

> The FDIC acts in two capacities. In its "corporate" capacity, the FDIC acts as a deposit insurer. It can either pay the depositors of a failed bank directly or transfer depositors' money to other insured banks. In its "receiver" capacity, the FDIC has broad authority to merge part or all of the failed bank with a healthy bank, assume operations of the bank, or both. Purchase and assumption transactions are the FDIC's most commonly used tool for handling failed banks. In a typical purchase and assumption transaction, the FDIC, in its receivership capacity, sells all of the failed bank's acceptable assets to a healthy bank, then sells the remaining unacceptable or problematic assets to the FDIC in its corporate capacity. The FDIC's corporate side then tries to collect on those problematic assets to protect the insurance fund's coffers.

ORDER
PAGE - 12

Jason Kellogg, *D'Oench Lives, But for How Long?: The Eleventh Circuit Breathes Life into an Ailing Banking Doctrine,* 30 Fla.St.U. L.Rev. 167, 170 (2002) (citations omitted). The courts have long recognized the FDIC's legal ability to operate in different capacities, with its different capacities conducting arms' length transactions with each other. Indeed, as the Ninth Circuit Court of Appeals has explained:

> Congress created the FDIC "to promote stability and restore and maintain confidence in the nation's banking system." *Nichols,* 885 F.2d at 636 (9th Cir. 1989) (internal quotations omitted). To achieve these goals Congress created two distinct entities with two entirely different purposes. FDIC Corporate's primary responsibility is to insure bank deposits and to pay depositors when an insured bank fails. *Id.* Consequently, it administers the federal deposit insurance fund, a pool of assets used to guarantee the safety of federally insured deposits. FDIC Receiver, on the other hand, "acts as a receiver for an insolvent state bank . . . possessing all the rights, powers, and privileges granted by State law to a receiver of a State bank." *Id.* (internal quotations omitted). The assets it administers in this wholly different capacity are limited to the funds making up the failed bank's estate. "Thus, under federal law, the FDIC is empowered to act in two entirely separate and distinct capacities in proceedings involving an insured state bank." *Id.* (internal quotations omitted).
>
> Because FDIC Corporate and FDIC Receiver perform two different functions and protect wholly different interests, courts have been careful to keep the rights and liabilities of these two entities legally separate. *See, e.g., FDIC v. La* Rambla Shopping Ctr., Inc., 791 F.2d 215, 218-21 (1st Cir. 1986); *Trigo v. FDIC,* 847 F.2d 1499, 1502-03 (11th Cir. 1988). Similarly, depending on the interests implicated by a bank failure, FDIC Corporate and FDIC Receiver may pursue different legal strategies to effectuate their respective statutory goals. *See, e.g., FDIC v. Condit,* 861 F.2d 853, 855-58 (5th Cir. 1988). . . .

*Bullion Servs. v. Valley State Bank*, 50 F.3d 705, 708-09 (9th Cir. 1995). When the FDIC acts as a receiver it stands in the shoes of the insolvent bank, and when it acts as insurer, it acts as a government agency. *FDIC v. Glickman*, 450 F.2d 416, 418 (9th Cir. 1971).

This distinction is important for discovery purposes. In fact, federal courts have applied this distinction in the context of discovery. At least one court has observed that "[t]he

ORDER
PAGE - 13

distinction plaintiff draws between the FDIC as a Receiver and the FDIC as a corporate regulator is a valid one. It is not . . . merely a ruse to obstruct discovery." *FDIC v. Wachovia Insurance Services, Inc.*, No. 3:05 CV 929(CFD), 2007 U.S. Dist. LEXIS 62538, 2007 WL 2460685, at *2 (D.Conn. August 27, 2007); *see also Haagard v. Ossege*, 2011 U.S. Dist. LEXIS 115042, *7-9 (S.D. Ohio Oct. 4, 2011).

In this case it appears that Plaintiff has requested information from FDIC corporate as to any investigations it may have conducted into WaMu's lending practices. To the extent that the FDIC-Receiver has objected to discovery on the basis that it seeks information in the possession, custody or control of FDIC corporate, the objection is valid and it is not required to produce information sought from that entity.

To the extent that Plaintiff seeks information in the possession, custody or control of the FDIC-Receiver (standing in the shoes of WaMu) as to FDIC investigations of WaMu, the Court agrees that the request is overbroad and unduly burdensome as presented. Although Plaintiff has agreed to narrow the scope of Interrogatory No. 5 to the years 2005-2007, the request for any investigation whether "formal or informal or otherwise" would require FDIC-Receiver to cull through two years worth of paper and electronic documents searching for information that may be connected to any investigative inquiry of any type. Using the terms "formal or informal or otherwise" is so overbroad that it would be difficult to interpret what information would be responsive to such a request. Further, given that Plaintiff has made allegations that she was fraudulently coerced into an initial loan and a refinance of her loan, the Court agrees that the wide scope of information sought through Interrogatory No. 5, is not proportional to the needs of this case. Thus, the Court will not compel further response from Defendant to that Interrogatory.

For the same reasons, the Court finds that the information sought in Interrogatory Nos. 6 and 7 is also not proportional to the needs of this case, and the Court will not compel further response from Defendant to those Interrogatories. Moreover, Defendant has identified what steps it took to look into Plaintiff's loan in response to Interrogatory No. 7, which is responsive to the request.

Likewise, the Court will not compel further response to Interrogatory No. 9. Not only is the request overbroad and unduly burdensome, the information sought as to other banking institutions is not relevant to Plaintiff's claims about WaMu's practices with respect to her loans.

*3. Interrogatory No. 8*

Through Interrogatory No. 8, Plaintiff seeks information about any investigation into Sean O'Connor (her WaMu mortgage broker) by the FDIC between 2003 and 2008. The Court finds this information to be relevant to Plaintiff's claims as she alleges that Mr. O'Connor made misrepresentations to her about the loan products he was encouraging her to pursue, and such information may lead to admissible evidence in support of her allegations. The Court further finds that this Interrogatory is not overbroad or unduly burdensome as it applies to a single employee in a five-year time span.

However, to the extent that the FDIC-Receiver has objected to discovery on the basis that Plaintiff seeks information in the possession, custody or control of FDIC corporate, the objection is valid as discussed above, and it is not required to produce information sought from that entity. But to the extent that FDIC-Receiver stands in the shoes of WaMu, and to the extent that FDIC-Receiver/WaMu has any information about any FDIC investigation of Mr. O'Connor in its possession, custody or control, FDIC-Receiver <u>shall</u> fully respond to

ORDER
PAGE - 15

Interrogatory No. 8 by providing such information to Plaintiff.  If FDIC-Receiver has no such information in its possession, custody or control, then FDIC-Receiver must fully respond to this Interrogatory by informing Plaintiff as much.

    *4.  Interrogatory No. 10.*

Through Interrogatory No. 10, Plaintiff seeks identification of any document that concerns the ownership of her loan, including any transfer of the loan to another entity.  The FDIC-Receiver identified the document responsive to the request.  Defendant then provided an additional responsive document to Plaintiff at the end of December 2016, prior to the filing of the instant motion.  Dkt. #47 at 10-11.  Although not entirely clear, Plaintiff apparently believes there are other responsive documents that she has not yet received.  Dkt. #46 at 7.  Plaintiff fails to identify any other documents she believes have not been produced or why she believes the documents exist but are being withheld.  Defendant has stated there are no additional documents responsive to the request.  Accordingly, the Court finds that FDIC-Receiver has fully responded to this Interrogatory and will not compel any further response.

  **C.  Requests For Production**

Plaintiff asserts that she has received no documents in response to her Requests for Production to Defendant and asks the Court to order Defendant to produce them.  Dkt. #46 at 7-8.  Plaintiff misconstrues the requirements of Federal Rule of Civil Procedure No. 34.  Defendant has responded to Plaintiff's Request for Production Nos. 1, 2 and 5 by referencing the documents already produced to Plaintiff through initial disclosures.  Such reference complies with Rule 34 and no further response is required.  In addition, Defendant has separately produced the documents responsive to Request for Production No. 10, and the Court will not compel any further response.

Likewise, with respect to Request for Production Nos. 3, 4 and 7, the Court has sustained the objections to the related Interrogatories, and therefore, there are no documents responsive to these requests to produce.

Finally, with respect to Request for Production No. 6, which seeks any documents identified in response to Interrogatory No. 8, the FDIC-Receiver shall produce any responsive documents within the timeframe noted below.

## IV.   CONCLUSION

Accordingly, having reviewed Plaintiff's motion, Defendant's opposition thereto, and Plaintiff's reply in support thereof, along with the remainder of the record, the Court hereby finds and Orders:

1. Plaintiff's Motion to Compel (Dkt. #46) is DENIED IN PART AND GRANTED IN PART as discussed above.

2. Defendant shall fully respond to Interrogatory No. 8 as directed above **no later than ten (10) days from the date of this ORDER**.  If Defendant identifies documents in response to Interrogatory No. 8, copies of which have been requested through Plaintiff's Request for Production No. 6, those documents, if not protected by privilege or other legal authority, shall be produced **no later than fourteen (14) days from the date of this ORDER.**

DATED this 1st day of February 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE