UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA NICHOLS, 100 EVERGREEN HILL RD., FAIRFIELD, CT, 06824,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE COPORATION, A RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>Defendant. | CASE NO. C14-1796RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. #78. Plaintiff asks the Court to reconsider its prior ruling granting Defendant's Motion to Dismiss and dismissing her case in its entirety. *Id.* Plaintiff argues that this Court committed manifest error by declining to dismiss Defendant's arguments regarding Plaintiff's loan modification, and by making other erroneous assumptions about the record. *Id.*

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, the Court is not persuaded that it committed manifest error in its ruling. Plaintiff appears to misconstrue the Court's findings in many respects. For example, Plaintiff states that this Court found she was represented on several transactions by pro bono counsel, which is incorrect, and uses that as the basis of her

ORDER
PAGE - 1

argument that the Court misconstrued the record. Dkt. #78 at 9. However, Plaintiff is citing to a portion of this Court's Order discussing a different case. *See* Dkt. #76 at 9. In that portion of the Order, this Court discussed *Mills v. Home Equity Group, Inc.*, 871 F. Supp. 1482 (D.D.C. 1994). *Id.* This Court provided background to the case (including that the plaintiff in that case had been represented by pro bono counsel), which Ms. Nichols has misconstrued as a discussion of her and her situation. *Compare* Dkt. #76 at 9 *with* Dkt. #78 at 9.

Likewise, Plaintiff repeats many of the same arguments pertaining to the loan modification that have already been considered by this Court. *See* Dkt. #78. The Court allowed Plaintiff to present supplemental evidence pertaining to the loan modification during the oral argument on summary judgment, which the Court then took into consideration in making its ruling, and the Court previously considered Plaintiff's arguments pertaining to Defendant's affirmative defenses or lack thereof. Dkt. #78. These arguments were rejected for the reasons cited by the Court. Dkt. #76. Nothing in Plaintiff's Motion for Reconsideration persuades the Court that it erred in reaching its conclusions.

Accordingly, the Court hereby ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #78) is DENIED.

DATED this 30 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2